Stanley J. Tharp, ISB No. 3883
**EBERLE, BERLIN, KADING, TURNBOW & McKLVEEN, CHARTERED**
1111 West Jefferson Street, Suite 530
Post Office Box 1368
Boise, Idaho 83701
208-344-8535 /phone
208-344-8542 / fax
stharp@eberle.com

*Pro Hac Vice Applications to be filed:*
James P. Murphy, WSBA #18125
Katherine L. Felton, WSBA # 30382
**Lybeck ❖ Murphy, LLP**
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 /phone
206-230-7791 /fax
jpm@lybeckmurphy.com
klf@lybeckmurphy.com

*Attorneys for Federal Resources Corporation*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE COEUR D'ALENES COMPANY,<br><br>Defendant. | No. 2:11-cv-633EJL<br><br>**FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE** |

## I. RELIEF REQUESTED & INTRODUCTION

Federal Resources Corporation (FRC) respectfully moves this court to issue an order allowing FRC to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2)

FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 1

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255  Fax 206-230-7791

and Section 113(i) of the Comprehensive Environmental Response, Conservation & Liability Act (CERCLA), 42 U.S.C. §9613(i). FRC has a significantly protectable interest relating to the subject matter of this litigation which will be impeded or impaired in the disposition of this action unless it is permitted to intervene. FRC's interests are not capable of being protected by the existing parties to this action.

The United States commenced this CERCLA cost-recovery action on December 15, 2011, and simultaneously lodged a proposed consent decree with defendant The Coeur d'Alenes Company. The United States alleges that The Coeur d'Alenes Company is jointly and severally liable for more than $4 million in alleged clean up costs to remediate environmental contamination at a mine site in Bonner County, Idaho known as the Conjecture Mine Site (the Site). Dkt. 1 at ¶¶ 20, 30. Months earlier, the United States started a similar action (currently pending before Judge Winmill) in which the government sued FRC for the same $4+ million in alleged environmental remediation costs at the Conjecture Mine Site. United States v. Federal Resources Corporation, U.S.D.C. Idaho Case No. 2:11-cv-00127-BLW, at Dkt. 1. In response to that action, FRC investigated and commenced third party contribution claims against The Coeur d'Alenes Company and other potentially responsible parties (PRPs) at the site under CERCLA section 113(f). United States v. Federal Resources Corporation, U.S.D.C. Idaho Case No. 2:11-cv-00127-BLW, at Dkt. 74.

FRC has submitted to the United States Attorney General an objection to the consent decree because it is inconsistent with CERCLA and is not based on the comparative fault of The Coeur d'Alenes Company. The consent decree contains no analysis of the environmental harm caused by the acts and omissions of the company (and its predecessors-in-interest Conjecture, Inc. and Conjecture Mines, Inc.) Because the consent decree is unsupported by

**FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 2**

analysis of estimated damages and response costs reasonably attributed to The Coeur d'Alenes Company and its predecessors-in-interest, this court should not approve the consent decree and impair FRC's rights to contribution. FRC has significant protectable interests in its statutory right of contribution against The Coeur d'Alenes Company and in ensuring that any consent decree entered affecting its rights is fair, reasonable and consistent with the purposes of CERCLA.

FRC intends to challenge the consent decree lodged in this case because it is without requisite grounds or support. The interests of the United States and The Coeur d'Alenes Company are adverse to FRC and neither is capable of representing FRC's interests adequately in this matter. Notably, the United States refused to bring its claims against The Coeur d'Alenes Company together with the action against FRC – even though both lawsuits concern the same subject matter – and has resisted consolidating the proceedings.

Intervention as a matter of right is necessary for FRC to protect its interests and is permitted pursuant to Fed. R. Civ. P. 24(a)(2), 42 U.S.C. §9613(i) and United States v. Aerojet General Corp., 606 F.3d 1142 (9th Cir. 2010).

## II. BACKGROUND

The United States commenced this CERCLA cost recovery and contribution action against The Coeur d'Alenes Company and lodged a proposed consent decree on December 15, 2011. Dkt. 1-2. The United States seeks recovery of more than $4 million from The Coeur d'Alenes Company on a joint and several basis – an amount the United States alleges it incurred to remediate environmental contamination at the Conjecture Mine Site in Bonner County, Idaho. Dkt. 1. The proposed consent decree purports to settle The Coeur d'Alenes Company's liability for the Site for a fraction of the amount sought by the United States. Dkt.

FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 3

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7791

2. As drafted, the consent decree purports to bar claims for contribution by third parties against The Coeur d'Alenes Company for contamination at the Conjecture Mine Site. Dkt. 2. As discussed below, FRC has commenced a contribution action against The Coeur d'Alenes Company relating to the Conjecture Mine Site which is pending before Judge Lynn Winmill.

In March 2011, *months before* the United States lodged the consent decree in this case, the United States sued FRC seeking to recover the same costs (allegedly in excess of $4 million) incurred by the United States to remediate the Conjecture Mine Site. United States v. Federal Resources Corp., U.S.D.C. Idaho Cause No. 2:11-cv-00127-BLW (Dkt. 1). During a case scheduling conference with Judge Winmill in August 2011, the court directed the parties to bring motions to add additional parties by November 11, 2011. United States v. Federal Resources Corp., U.S.D.C. Idaho Cause No. 2:11-cv-00127-BLW (Dkt 24).

Consistent with this order, in November 2011 FRC moved the court for leave to amend its pleading to assert third party contribution claims against numerous parties, including The Coeur d'Alenes Company. United States v. Federal Resources Corp., U.S.D.C. Idaho Cause No. 2:11-cv-00127-BLW (Dkts. 34, 34-1). The Coeur d'Alenes Company is the successor-in-interest to several enterprises (Conjecture, Inc., Conjecture Mines, Inc. and a partnership known as the Funnel & Majer Mining Company) which conducted mining and milling operations at the Conjecture Mine Site (generating mill tailings) for years. Id. Accordingly, The Coeur d'Alenes Company is a significant PRP at the Site. Notably, the government did not bring a motion or request permission to add its claims against The Coeur d'Alenes Company in that action. Instead, the United States commenced a separate action and lodged the proposed consent decree. Upon learning that the United States commenced this separate action and lodged the proposed consent decree with the Coeur d'Alenes Company, FRC

**FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 4**

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7791

requested the United States to consent to consolidate the proceedings. It refused. FRC filed a motion to consolidate. Judge Winmill denied the motion but authorized FRC to re-file it at a later date. United States v. Federal Resources Corp., U.S.D.C. Idaho Civil Case No. 2:11-cv-00127-BLW (Dkts. 52, 57 at 2-3, 63, 64, 68). FRC prepared and submitted comments and objections to the proposed consent decree lodged by the United States. The Appendix hereto contains a courtesy copy of the objections submitted to the United States Attorney General. See also United States v. Federal Resources Corp., U.S.D.C. Idaho Civil Case No. 2:11-cv-00127-BLW (Dkts. 63, 64). FRC submitted these comments on February 2, 2012, to the United States Department of Justice. Id.

The court granted FRC's motion to amend its pleading on March 9, 2012. United States v. Federal Resources Corp., U.S.D.C. Idaho Civil Case No. 2:11-cv-00127-BLW (Dkt. 68). FRC filed its Second Amended Answer, Counterclaim and Third Party Complaint on March 30, 2012. FRC now seeks to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), CERCLA section 113(i), 42 U.S.C. §9613(i) and United States v. Aerojet General Corporation, 606 F.3d 1142 (9th Cir. 2010).

### III. DISCUSSION

#### A. CERCLA PRPs HAVE THE RIGHT TO INTERVENE IN LITIGATION TO CHALLENGE IMPROPER CONSENT DECREES.

Intervention as a matter of right is permitted under both Federal Rule of Civil Procedure 24(a)(2) and CERCLA section 113(i). Fed. R. Civ. P. 24(a)(2) states:

> **(a)** **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

**FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 5**

Lybeck✤Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255  Fax 206-230-7791

ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). CERCLA section 113(i) similarly provides a right of intervention to:

> any person . . . when such person claims an interest relating to the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest, unless the President or the State shows that the person's interest is adequately represented by existing parties.

42 U.S.C. §9613(i).

The Ninth Circuit recently confirmed that non-settling CERCLA PRPs have a right to intervene in litigation to oppose a consent decree which, if approved, would extinguish their right of contribution against the settling PRPs. United States v. Aerojet General Corp., 606 F.3d 1142, 1146 (9th Cir. 2010). FRC, like the intervenor-applicants in Aerojet General, should be permitted to intervene in this litigation as a matter of right under Fed. R. Civ. P. 24(a)(2) and 42 U.S.C. §113(i).

The Aerojet court interpreted Fed. R. Civ. P. 24(a)(2) to permit intervention as a matter of right when an intervenor-applicant makes a timely motion establishing: (1) a "significantly protectable" interest relating to the property or transaction which is the subject of the action, (2) the applicant is situated such that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (3) the applicant's interest is inadequately represented by the parties to the action. Aerojet General Corp., 606 F.3d at 1148 (quoting Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993)). Intervention under CERCLA section 113(i) is on "essentially the same terms" as intervention under Fed. R. Civ. P. 24(a)(2) except that under CERCLA, the burden of proving that the existing parties will not adequately represent the interests of the proposed intervenor is on the government, not the intervenor.

Lybeck ❖ Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255  Fax 206-230-7791

Aeroject General Corp., 606 F.3d at 1149; City of Emeryville v. Robinson, 621 F.3d 1251, 1259 (9th Cir. 2010).

The requirements for intervention under Fed. R. Civ. P. 24(a)(2) are broadly interpreted in favor of intervention. Aerojet General Corp., 606 F.3d at 1148 (citing United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004)); City of Emeryville, 621 F.3d at 1259 (citing Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003)).

### B. FRC's MOTION IS TIMELY

It cannot reasonably be disputed that FRC's motion is timely. Even before the United States commenced this lawsuit and lodged the proposed consent decree, FRC sought to enforce its right of contribution against The Coeur d'Alenes Company. In November 2011, FRC filed a motion to amend its pleading to assert third party CERCLA contribution claims against The Coeur d'Alenes Company and other PRPs. See United States v. Federal Resources Corp., U.S.D.C. Idaho Civil Case No. 2:11-cv-00127-BLW (Dkt. 34). FRC investigated and determined that The Coeur d'Alenes Company is a significant PRP at the Conjecture Mine Site as a result of the mining and milling operations conducted by its predecessors in interest, Conjecture Mines, Inc. and Conjecture, Inc. Id. FRC promptly acted to protect and prosecute its right of contribution under CERCLA and these claims are currently pending in this court. Id. (Dkts. 34, 74).

On December 15, 2011, while FRC's motion to amend was pending, the United States commenced this action and simultaneously lodged the proposed consent decree. Dkt. 1-2. FRC requested that the United States consolidate the actions and the United States objected. Accordingly, on December 28, 2011, FRC filed a motion to consolidate the two actions. United States v. Federal Resources Corp., U.S.D.C. Idaho Civil Case No. 2:11-cv-00127-BLW

FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 7

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7791

(Dkts. 52, 57 at 2-3, 63, 64). FRC also prepared and submitted comments and objections to the consent decree to the United States Department of Justice. Appendix I; see also, United States v. Federal Resources Corp., U.S.D.C. Idaho Civil Case No. 2:11-cv-00127-BLW (Dkts. 63, 64).

In fewer than four months, FRC has brought a contribution action against The Coeur d'Alenes Company, sought to consolidate the proceedings, submitted comments and objections to the proposed consent decree, and now moves this court to intervene. FRC's motion is timely. See e.g., Aerojet General Corp., 606 F.3d at 1142 (applicants acted promptly by submitting comments, filing Freedom of Information Act requests, and ultimately moving to intervene within a period of four months).

### C. FRC HAS SIGNIFICANTLY PROTECTABLE INTERESTS WHICH WILL BE IMPAIRED IF FRC IS NOT PERMITTED TO INTERVENE

A "significantly protectable interest" exists when the interest asserted is protected under some law and there is a "relationship between the legally protected interest and the plaintiff's claims." Aerojet General Corp., 606 F.3d at 1149; see also City of Emeryville, 621 F.3d at 1259 (9th Cir. 2010) (citing Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003)). A party has a sufficient interest to intervene "if it will suffer a practical impairment of its interests as a result of the pending litigation. City of Emeryville, 621 F.3d at 1259 (quoting California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006)).

The Ninth Circuit observed in Aerojet that a non-settling PRP has a significantly protectable interest in its statutory right of contribution against the would-be settling PRPs and in ensuring that if any consent decree is entered, it is fair, reasonable and consistent with CERCLA:

FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 8

Lybeck✤Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

> We join the Eighth and Tenth Circuits in holding that non-settling PRPs have a significant protectable interest in litigation between the government and would-be settling PRPs. As non-settling PRPs, Applicants in this case are potentially liable for response costs under §107(a) of CERCLA, 42 U.S.C. § 9607(a). Section 113(f)(2) provides that approval of a consent decree will cut off their contribution rights under §113(f)(1). The proposed consent decree ... will therefore directly affect Applicant's interest in maintaining their right to contribution. Further, because non-settling PRPs may be held liable for the entire amount of response costs minus the amount paid in a settlement, Applicants have an obvious interest in the amount of any judicially-approved settlement. The larger the settlement amount, the smaller the remaining amount for which the non-settling PRPs may be liable.

Aerojet General Corp., 606 F.3d at 1150 (internal citations omitted).

Here, the United States sued FRC and The Coeur d'Alenes Company in separate actions alleging that both are jointly and severally liable for all of the alleged costs of clean up at the Conjecture Mine Site (in excess of $4 million). Dkt. 1 at ¶¶ 20, 30; United States v. Federal Resources Corporation, U.S.D.C. Idaho Civil Case No. 2:11-cv-00127-BLW (Dkt. 1 at ¶¶ 22, 44). FRC's contribution claims against The Coeur d'Alenes Company are statutorily authorized under 42 U.S.C. § 9613 (f)(1): "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under ... section 9607(a)." The proposed consent decree which FRC has challenged would impair or restrict FRC's statutory claims. 42 U.S.C. § 9613(f)(2); Dkt. 2. This is precisely the type of protectable interest which justifies intervention in this case.

FRC has a significant protectable interest in ensuring that any consent decree entered is fair, reasonable and consistent with the purposes of CERCLA. Because the government claims that FRC is jointly and severally liable for all alleged clean up costs at the Conjecture Mine Site, any approved settlement with The Coeur d'Alenes Company would not discharge FRC or other PRPs, but would merely reduce the potential liability by the sum of the settlement. 42

**FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 9**

Lybeck ❖ Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255  Fax 206-230-7791

U.S.C. § 9622(h)(4); Aerojet General Corp., 606 F.3d at 1150. FRC has a significant protectable interest in ensuring that any consent decree which the parties may seek this court to approve is fair, reasonable and consistent with the purposes of CERCLA. This court should allow FRC to intervene in this action.

### D. FRC'S INTERESTS ARE ADVERSE TO AND ARE INCAPABLE OF BEING ADEQUATELY REPRESENTED BY THE UNITED STATES OR THE COEUR D'ALENES COMPANY

Courts consider three factors in determining whether a party's interests are adequately represented by the existing parties: "(1) whether the interest of a present party is such that it will undoubtedly make all of the proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Aerojet General Corp., 606 F.3d at 1153 (quoting Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003)). As the Ninth Circuit has stated, "[o]nce a consent decree has been negotiated and agreed upon, the interests of the government and would-be settling PRPs are essentially aligned and are adverse to those of non-settling PRPs who oppose entry of the decree." Aeroject General Corp., 606 F.3d at 1152.

Neither the United States nor The Coeur d'Alenes Company have interests that would align them with FRC or which would make them capable of advancing FRC's challenges to the lodged consent decree. FRC is directly adverse to The Coeur d'Alenes Company. The Coeur d'Alenes Company negotiated the proposed consent decree and can be interested only in minimizing its contribution for clean up costs. The Coeur d'Alenes Company has no interest in or benefit from advancing arguments challenging the legal sufficiency, substance or bases of the proposed consent decree.

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

The United States' interests are also adverse to FRC, and the government cannot be relied upon to make arguments on behalf of FRC regarding the inadequacy of the lodged consent decree. FRC has objected to the consent decree and it is unclear whether the government will decide to revisit or renegotiate the proposed settlement in light of FRC's objections. Regardless, the government is not in the position to advocate on behalf of FRC given that it has claims of its own against FRC concerning the same site.

## IV.   CONCLUSION

For the forgoing reasons, FRC respectfully requests that this court enter an order permitting it to intervene in this action for the purpose of opposing any consent decree that the United States may offer.

Respectfully submitted this 3rd day of April, 2012.

>                         EBERLE, BERLIN, KADING, TURNBOW
>                         &McKLVEEN, CHARTERED
>
>
>                         /s/ Stanley J. Tharp
>                     By: _____
>                         Stanley J. Tharp, ISB # 3883, of the firm
>                         Attorneys for Intervenor-Applicant
>                         Federal Resources Corporation

*Counsel to Federal Resources Corporation:*

LYBECK MURPHY, LLP

James P. Murphy WSBA #18125
Katherine L. Felton WSBA # 30382
Lybeck Murphy, LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040
Attorneys for Intervenor- Applicant Federal Resources Corporation
***Pro Hac Vice Applications to be filed***

FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 11

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255  Fax 206-230-7791

1
2
3
4
5
6
7
8
9                                **APPENDIX I**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255  Fax 206-230-7791

Assistant Attorney General
Environmental and Natural Resources Division
United States Department of Justice
PO Box 7611
Washington D.C. 20044-7611

*Via Electronic mail* (pubcomment-ees.enrd@usdoj.gov)

## Comment and Objection to Proposed Consent Decree between the United States and the Coeur d'Alenes Company Lodged in the United States District Court for the District of Idaho

| | |
|---|---|
| Commenter: | Federal Resources Corporation |
| In reference to: | United States of America v. The Coeur d'Alenes Company, D.J. ref 90-11-3-10110/1 |

  Federal Resources Corporation (FRC) submits these comments and objections to the proposed consent decree lodged by the United States in the United States District Court for the District of Idaho (Cause Number 2:11-cv-00633-EJL) on December 15, 2011 and referred to in the notice published in the Federal Register on December 22, 2011 (D.J. ref. 90-11-3-10110/1). The United States attorney responsible for the lodging of the consent decree previously confirmed on December 21, 2011 that the United States would agree to an additional fifteen (15) days for Federal Resources Corporation to submit comments. See attached Exhibit A (Electronic message of Paul Gormley dated December 21, 2011). Federal Resources Corporation hereby requests a public meeting be held in accordance with 42 U.S.C. § 9673(d) (Sec. 7003(d) of RCRA) relating to the proposed consent decree.

  The United States may not seek entry of a consent decree until the public has been afforded an opportunity to comment on it and the United States has reconsidered the proposed decree after reviewing all comments. See U.S. v. Davis, 11 F.Supp.2d 183, 189 (D. R.I. 1998), citing 42 U.S.C. § 9622(d)(1)(A), (B). Furthermore, a consent decree cannot be entered even after the comment period unless it is determined to be fair, reasonable and consistent with CERCLA. California v. Montrose Chem. Corp. of California, 50 F.3d 741, 743 (9th Cir. 1995).

  Federal Resources objects to the proposed consent decree between the United States and the Coeur d'Alenes Company because it is inconsistent with the Comprehensive Environmental Response, Compensation and Liability Act ((CERCLA) 42 U.S.C. § 9601 *et seq.*) and developed law governing entry of consent decrees. Specifically, the proposed settlement is not based on the comparative fault of the Coeur d'Alenes Company as determined through a rational and reasonable analysis of the harm caused by the company's acts and omissions. The consent decree is unsupported by any analysis of estimated damages and response costs reasonably attributed to the Coeur d'Alenes Company and the acts and omissions of its predecessors-in-interest. A consent decree should not be approved in the absence of an appropriate comparative fault analysis and rational estimate of the harm caused by each party at a site. Montrose Chem, 50 F.3d at 746-747.

1

The United States bears the burden of proving that the consent decree is fair, reasonable and consistent with CERCLA. Davis, 11 F.Supp.2d at 189. FRC objects to the proposed consent decree because it fails to consider and address the activities of the Coeur d'Alenes Company or its predecessor-in-interest, Conjecture Mines, Inc. and its principals.

## I. Factual Background

The United States has sued the Coeur d'Alenes Company in the U.S. District Court for the District of Idaho asserting that the Coeur d'Alenes Company is jointly and severally liable for all cleanup costs allegedly incurred by the United States to abate contamination at a former mining site in Bonner County, Idaho (the Conjecture Mine site). The United States claims that the Coeur d'Alenes Company is liable for $4,323,216 allegedly incurred by the United States to clean up the Conjecture Mine site. The complaint asserts that the Coeur d'Alenes Company, in addition to being a former owner of the property, is also the successor-in-interest to Conjecture Mines, Inc., a corporation that performed mining and milling activities at the site.

The United States also has started a lawsuit against Federal Resources Corporation in the same court before a different judge (U.S. District Court for the District of Idaho, U.S. v. Federal Resources Corporation, Cause No. 2:11-cv-00127-BLW). In its action against FRC, the government seeks to recover the same damages against FRC that it seeks from the Coeur d'Alenes Company. FRC is defending that action and has moved the court for leave to name third party defendants including the Coeur d'Alenes Company. The United States has not opposed FRC's motion, and FRC reasonably anticipates the court will grant it permission to name the Coeur d'Alenes Company as a defendant in the case. FRC has also moved the court to consolidate the case brought by the United States against the Coeur d'Alenes Company with the United States' lawsuit against FRC. This motion is also currently pending.

In the course of its investigation of the United States' claims and its defenses, FRC has located United States government documents maintained by the Defense Minerals Exploration Administration(DMEA) that confirm substantial mining and milling activities for which the Coeur d'Alenes Company is liable at the Conjecture Mine site. These documents establish that the Coeur d'Alenes Company's predecessor-in-interest, Conjecture Mines, Inc. and its principals, significantly caused and/or exacerbated contamination of the Conjecture Mine site. FRC has also located evidence that the United States itself is liable as an arranger at the site having entered mining exploration contracts with the Coeur d'Alenes Company predecessor-in-interest, Conjecture Mines, Inc. (through its principals, Donald E. Majer and Lyle H. Funnel).

The United States did not locate or evaluate this evidence during negotiations of the proposed consent decree with the Coeur d'Alenes Company. It could not have because after FRC located these materials through its own efforts, the United States confirmed that it did not have these documents in its possession. Despite this, the proposed consent decree, if approved, would provide contribution protection for the Coeur d'Alenes Company against contribution claims that might be brought by FRC or any other party related to the Conjecture Mine site. 42 U.S.C. § 9622(h)(4).

2

## II. Discussion

*A. Statutory Requirements for Entry of Consent Decrees*

A district court may enter a consent decree only if it finds the consent decree is fair, reasonable and consistent with CERCLA. Montrose Chem., 50 F.3d at 743. Courts evaluate settlements for: (1) reasonableness, (2) fairness, and (3) consistency with CERCLA's purposes. *See* Montrose Chem., 50 F.3d at 743; Cannons Eng'g Corp., 899 F.2d at 85.

The terms of a consent decree "must be based upon, and roughly correlated with, some acceptable measure of comparative fault[.]" Cannons Eng'g Corp., 899 F.2d at 90. Apportionment of such liability must be according to a rational estimate of the harm each PRP has caused. Id. As stated above, the government is seeking the same response costs for the Conjecture Mine site from FRC and the Coeur d'Alenes Company. However, it has failed to provide any evaluation or analyses of the Coeur d'Alenes Company's and its predecessors-in-interests' share of liability at the site. This evaluation cannot be inferred from the terms of the proposed consent decree. In fact, it appears that the government has prepared no evaluation or allocation of liability to any of the PRPs at the Conjecture Mine site.

Even if the United States had performed a comparative fault analysis, the United States cannot have considered necessary information. As referenced above, FRC independently located DMEA documents confirming that the Coeur d'Alenes Company and its predecessors-in-interest, Conjecture Mines, Inc. and its principals, Donald Majer and Lloyd Funnel significantly caused and/or exacerbated the contamination at the Conjecture Mine site. In order for the United States to adequately evaluate the comparative fault of the Coeur d'Alenes Company, it must necessarily evaluate and account for the liability of its predecessors-in-interest in any proposed consent decree. The United States cannot base the Coeur d'Alenes Company's share of liability at the Conjecture Mine site on its mining and milling activities alone. Because the United States failed to review and analyze this evidence, it could not have appropriately analyzed the Coeur d'Alenes Company's comparative liability at the Conjecture Mine site.

The United States has also failed to support the consent decree with any documents or information. The list attached as Appendix A to the proposed consent decree purports to identify material supporting the agreement. However, no documents or information has been submitted to the court or otherwise made available to interested parties for review and to evaluate. Without making all such documents available to FRC and the public, the United States has denied the public a reasonable opportunity to evaluate and comment specifically on these documents and their purported relationship to the settlement terms. In addition, by failing to produce documents, the government would be asking the district court to accept the terms of the lodged decree without establishing its fairness, reasonableness and consistency with CERCLA.

The proposed consent decree provides no assessment of comparative fault. As a consequence, the settlement is not based on any rational comparative fault analysis and cannot be entered by the court. Because the United States has failed to conduct an appropriate evaluation of comparative fault to the court and has failed to produce any documents that it listed in the appendix

3

to the proposed decree, FRC and the public are denied an opportunity to fully evaluate and comment on those materials. Finally, the United States has failed to consider significant evidence identified by FRC. Therefore, the consent decree is unsupportable.

*B.    Ability to Pay Settlements*

The proposed consent decree rather than being based on a comparative fault analysis is based on the statement that the Coeur d'Alenes Company is only able to pay $350,000 plus interest for response costs incurred at the Conjecture Mine site. In exchange for this proposed sum, the consent decree would provide contribution protection for the Coeur d'Alenes Company, which means if the court approves the proposed consent decree, FRC would be precluded from continuing with its contribution claims against this significantly responsible party. See 42 U.S.C. § 9622(h)(4). FRC objects to the proposed consent decree on the basis that the government has failed to establish that $350,000 plus interest represents the amount the Coeur d' Alenes Company can pay from all available assets, current and historic.

Although the government may enter into ability to pay settlements, it cannot do so and at the same time impair other parties' contribution rights in the absence of a reasonable and fair comparative fault analysis. Further, the government has not adequately investigated the Coeur d'Alenes Company's financial resources. The list of documents attached as Appendix A to the proposed consent decree is lacking crucial documentation that would present a complete picture of the Coeur d'Alenes Company's finances. Furthermore, these documents have not been made available for review by FRC or any other interested party. For this reason and the reasons discussed above, FRC objects to the proposed consent decree lodged by the United States with the United States District Court of Idaho.

Respectfully submitted this 2nd day of February, 2012

                        By: */s/ sent electronically*
                            James P. Murphy
                            Attorneys representing Federal Resources Corporation
                            Lybeck Murphy LLP
                            Chase Bank Building
                            7900 SE 28th Street, Fifth Floor
                            Mercer Island, WA 98040

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

## CERTIFICATE OF SERVICE

I hereby certify and declare that on the 3rd day of April, 2012, I electronically filed the foregoing **FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE** with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

| | |
|---|---|
| Ms. Deborah A. Ferguson<br>Assistant U.S. Attorney<br>District of Idaho<br>Washington Group Plaza IV<br>800 Park Boulevard, Suite 600<br>Boise, ID 83712-9903<br>Debora.Ferguson@usdoj.gov | [ ] U.S. Mail<br>[ ] Hand Delivery<br>[X] ECF<br>[ ] Fax (208) 334-1414 |
| Mr. Paul Gormley<br>Environmental Enforcement Section<br>Environment and Natural Resources<br>United States Department of Justice<br>999 18th Street, South Terrace, Suite 370<br>Denver, CO 80207<br>Paul.Gormley@usdoj.gov | [ ] U.S. Mail<br>[ ] Hand Delivery<br>[X] ECF<br>[ ] Fax (303)844-1350 |

All parties are registered as CM/ECF participants for electronic notification.

DATED at Boise, Idaho, this 3rd day of April, 2012.

*/s/ Stanley J. Tharp*
By: _____
Stanley J. Tharp, IBS # 3883, of the firm
EBERLE, BERLIN, KADING, TURNBOW &
McKLVEEN, CHARTERED

Attorneys for Federal Resources Corporation

FEDERAL RESOURCES CORPORATIONS' MOTION TO INTERVENE - 13

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7791