Kevin J. Beaton, ISB #3080
*Email:* kjbeaton@stoel.com
W. Christopher Pooser, ISB #5525
*Email:* wcpooser@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702-7705
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Defendant The Coeur d'Alenes Company

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>THE COEUR D' ALENES COMPANY,<br><br>           Defendant. | Case No.: 2:11-CV-633EJL<br><br>**DEFENDANT COEUR D'ALENES COMPANY'S OPPOSITION TO FEDERAL RESOURCES CORPORATION'S MOTION TO INTERVENE (DKT. 3)** |

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................................ 1

III. ARGUMENT ...................................................................................................................... 4

    A.    Intervention As A Matter Of Right Is Not Proper If The Party Seeking To Intervene Does Not Have A Legally Sufficient Claim For Relief. .................................................. 4

    B.    Because FRC Cannot Challenge The United States' Ability To Pay Determination, Its Intervention Would Be Legally Futile And Thus Improper. ............................................ 5

        1.    CERCLA Authorizes The United States To Negotiate Settlements Based On A PRP's Ability To Pay Response Costs Rather Than On Its Full Liability. ............................. 5

        2.    Because *Aerojet General* Did Not Concern A Settlement Based On A PRP's Limited Ability To Pay, FRC's Reliance On The Decision Is Misplaced. ............................... 8

IV. CONCLUSION ................................................................................................................... 9

Defendant The Coeur d'Alenes Company ("Coeur d'Alenes") submits its opposition to the motion to intervene filed by Federal Resources Corporation ("FRC") (Dkt. 3). This opposition is supported by the Declaration of Marilyn Schroeder ("Schroeder Dec.").

## I. INTRODUCTION

FRC has no right to intervene in this litigation to oppose the Proposed Consent Decree between Plaintiff United States of America (the "United States") and Coeur d'Alenes. The Proposed Consent Decree incorporates a settlement to resolve Coeur d'Alenes' potential liability for past response costs based on the company's limited ability to pay. As explained below, under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") FRC has not asserted a legally sufficient claim for relief to challenge the Proposed Consent Decree. The United States' ability to pay determination is not subject to judicial review and, although the Court is asked to approve the Proposed Consent Decree, the fault attributable to Coeur d'Alenes for the past removal costs has no bearing on the Court's approval. As such, FRC has no interest in the Proposed Consent Decree, and its intervention would be futile. Coeur d'Alenes asks that FRC's motion to intervene be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Coeur d'Alenes is a metals distributor. *See* Schroeder Dec. at ¶ 2. It processes and distributes steel, aluminum, stainless steel, copper, brass, custom industrial metals, and other metal products. *Id*. Coeur d'Alenes is a small business which is privately owned and employs approximately 99 people, including 17 temp-to-hire workers. *Id*. Although Coeur d'Alenes has never owned a mining site or conducted mining operations itself, it merged with Conjecture, Inc. in 1993. *Id*. at ¶ 3. Conjecture, Inc. and its predecessors owned a portion of the Conjecture Mine Site in Bonner County, Idaho from 1955 to 1993. *Id*. It also conducted mining exploration at the

mining site between 1955 and 1956. *Id*. Coeur d'Alenes sold the Conjecture Mine Site to the Washington Mining Company in 1993 immediately following the merger. *Id*. at ¶ 4.

From 2001 to 2007, the United States conducted removal activities at the Conjecture Mine Site at a cost of $4,323,216. Dkt. 1 at ¶¶ 19-20. In October 2010, the United States approached Coeur d'Alenes regarding its liability as a potential responsible party ("PRP") under CERCLA for those costs. Schroeder Dec. at ¶ 5. Coeur d'Alenes asserted it had a limited ability to pay the removal costs and thereafter provided the United States with confidential financial and business information supporting its claim. *Id*. at ¶ 6. That information included audited annual financial statements and reports, monthly balance sheets and income statements, equipment lists and depreciation schedules, federal corporate income tax returns, loan and financing agreements, projected budgets, future cash flow considerations, and records of historical financial performance. *Id*.; *see* Dkt. 2-2 (listing financial information).

In addition to providing information regarding its finances and business, Coeur d'Alenes representatives conversed with representatives of the United States throughout 2011 to discuss Coeur d'Alenes' financial ability to pay the removal costs. Schroeder Dec. at ¶ 7; *see also* Dkt. 13-2 at ¶ 7. Those conversations included meeting and participating in telephone conferences with the United States' financial expert Dr. Joan Meyer, as Dr. Meyer conducted an independent review of the company's financial position. Schroeder Dec. at ¶ 7; *see also* Dkt. 13-2 at ¶ 7. Dr. Meyer ultimately concluded that Coeur d'Alenes' ability to pay the costs sought by the United States is limited to $350,000, and that that amount reasonably reflects Coeur d'Alenes' ability to pay pursuant to Environmental Protection Agency guidance. Dkt. 13-2 at ¶¶ 10-12. The $350,000 proposed settlement is all Coeur d'Alenes is able to pay and still remain a viable business. Schroeder Dec. at ¶ 9.

The parties reached a settlement thereafter. The United States filed a complaint against Coeur d'Alenes and lodged a Proposed Consent Decree on December 15, 2011.[1] Dkts. 1, 2. Under the Proposed Consent Decree, Coeur d'Alenes agrees to pay the United States $350,000 to settle this matter. Dkt. 2-1 at ¶ 5. In return, subject to certain reservations, the United States agrees to provide Coeur d'Alenes with covenants not to sue under CERCLA and the Resource Conservation and Recovery Act. *Id*. at ¶ 14. Coeur d'Alenes also receives protection from contribution actions for matters addressed in the Proposed Consent Decree. *Id*. at ¶ 22; 42 U.S.C. §§ 9613(f)(2), 9622(g)(5) and (h)(4). The United States' covenants not to sue are expressly conditioned on the truthfulness and material accuracy of the financial and business information provided by Coeur d'Alenes. Dkt. 2-1 at ¶¶ 14, 16.

The United States issued notice of the lodging of the Proposed Consent Decree on December 22, 2011. *See* 76 Fed. Reg. 79,710 (Dec. 22, 2011). Only FRC submitted a written comment. *See* Dkt. 13 at 2. FRC is party to a separate cost recovery action filed by the United States, which is ongoing in this Court. *See United States v. Fed. Res. Corp.*, Case No. 2:11-CV-0127-BLW (D. Idaho, filed Mar. 29, 2011) (hereinafter, "*Federal Resources*"). That action concerns FRC's liability for the cost of removal activities at three Idaho mining sites, including the Conjecture Mine Site. Through its comments, FRC objected to the Proposed Consent Decree on the basis that (i) the settlement is not based on Coeur d'Alenes' comparative fault for the United States' response costs and (ii) the United States failed to adequately investigate Coeur d'Alenes' ability to pay. *See* Dkt. 13-1.

---

[1] Settlement of this matter through an administrative order was not authorized because the United States' total response costs exceed $500,000. *See* 42 U.S.C. § 9622(d)(1) and (g)(4).

**DEFENDANT COEUR D'ALENES COMPANY'S OPPOSITION TO FEDERAL RESOURCES CORPORATION'S MOTION TO INTERVENE (DKT. 3) - 3**

71459625.5 0043401-00001

FRC then moved to consolidate this matter with *Federal Resources*. Judge Winmill denied that request, finding that this case "is on a much faster track towards final resolution, and there will be no discovery or trial efficiencies from consolidation because it appears there will be no discovery or trial. If that changes, the motion may always be re-filed."[2] *See Federal Resources*, Dkt. 68 at 4-5 (Mar. 9, 2012). FRC filed its motion to intervene in this litigation on April 3, 2012. Dkt. 3. In the meantime, the United States considered and rejected FRC's comments and moved to enforce the Proposed Consent Decree on April 12, 2012. Dkt. 13.

### III. ARGUMENT

**A. Intervention As A Matter Of Right Is Not Proper If The Party Seeking To Intervene Does Not Have A Legally Sufficient Claim For Relief.**

FRC seeks to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2) and Section 113(i) of CERCLA, 42 U.S.C. § 9613(i). Dkt. 3 at 1-2. The provisions, "in almost identical terms," provide a party a right to intervene if it satisfies a four part test: (1) the party's motion must be timely; (2) the party must assert a "significantly protectable" interest relating to the property or transaction subject to the action; (3) the party must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the party's interest must not be adequately represented by other parties. *See Aerojet Gen. Corp.*, 606 F.3d 1142, 1149 (9th Cir. 2010) ("The two provisions differ only in providing a different burden of proof for the fourth part of the test."). In addition, Fed. R. Civ. P. 24(c) requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

---

[2] Thereafter, in the *Federal Resources* matter, FRC filed a third party complaint against numerous parties, including Coeur d'Alenes. *See Federal Resources*, Dkt. 74 (Mar. 30, 2012). FRC served discovery requests on Coeur d'Alenes on April 19, 2012.

**DEFENDANT COEUR D'ALENES COMPANY'S OPPOSITION TO FEDERAL RESOURCES CORPORATION'S MOTION TO INTERVENE (DKT. 3) - 4**

71459625.5 0043401-00001

Here, FRC did not present a pleading accompanying its motion to intervene. Assuming the Court excuses FRC's failure to submit a pleading,[3] FRC still must present a claim that is legally valid in order to be allowed to intervene. *See* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1914, at 523-24 (3d ed. 2007) (stating that "[t]he proposed pleading [in intervention] must state a good claim for relief or a good defense" (footnote omitted)). Indeed, courts deny intervention if it proves legally futile. *See In re Merrill Lynch & Co. Research Reports Sec. Litig.*, Nos. 02–1484, 02–8472, 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008) (collecting cases) ("Although legal futility is not mentioned in Rule 24, courts have held that futility is a proper basis for denying a motion to intervene.").

**B.     Because FRC Cannot Challenge The United States' Ability To Pay Determination, Its Intervention Would Be Legally Futile And Thus Improper.**

    **1.     CERCLA Authorizes The United States To Negotiate Settlements Based On A PRP's Ability To Pay Response Costs Rather Than On Its Full Liability.**

FRC cannot intervene in this litigation because it has not presented a claim that is legally sufficient. FRC purports to have "significantly protectable interests in its statutory right of contribution against" Coeur d'Alenes and "in ensuring that any consent decree entered affecting its rights is fair, reasonable and consistent with the purposes of CERCLA." Dkt. 3 at 3. Presumably, FRC intends to challenge the Proposed Consent Decree for the very same reasons set forth in its public comments: that any settlement must be based on Coeur d'Alenes' comparative fault for the United States' response costs, and that the United States failed to adequately investigate Coeur d'Alenes' ability to pay. *See id.* at 17; *see also* Dkt. 13-1.

---

[3] The Ninth Circuit Court of Appeals has "approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). In *Beckman Industries*, the Ninth Circuit held that the intervenor described the basis for intervention in the petition with sufficient specificity and excused its failure to submit a pleading. *Id*. at 474-75.

**DEFENDANT COEUR D'ALENES COMPANY'S OPPOSITION TO FEDERAL RESOURCES CORPORATION'S MOTION TO INTERVENE (DKT. 3) - 5**

71459625.5 0043401-00001

Neither challenge has a legal basis. In 2002, in the Small Business Liability Relief and Brownfields Revitalization Act, Congress amended section 122(g) of CERCLA to specifically authorize the United States to negotiate settlements based on a PRP's limited ability to pay response costs rather than on its full liability. *See* 42 U.S.C. § 9622(g)(7). Prior to the 2002 amendments, the United States would nevertheless negotiate settlements based on a PRP's ability to pay, and such settlements were upheld by the courts. *See, e.g.*, *United States v. Bay Area Battery*, 895 F. Supp. 1524, 1529-31 (N.D. Fla. 1995). Importantly, for this matter, Congress specifically removed ability to pay determinations from judicial review. 42 U.S.C. § 9622(g)(11) ("A determination by the President under paragraph (7) … shall not be subject to judicial review."). It follows that FRC has no standing to challenge the United States' conclusion that Coeur d'Alenes has a limited ability to pay or the amount of its ability to pay. While this Court has some role in approving the Proposed Consent Decree, Congress intended to protect small businesses like Coeur d'Alenes from other parties second guessing the United States' ability to pay determination in this action. However, that is precisely what FRC intends to accomplish in seeking intervention, namely to second guess the United States' ability to pay determination. Clearly section 122((g)(7) and (11) of CERCLA precludes such a result.

Further, Coeur d'Alenes' comparative fault is irrelevant to its settlement with the United States. Under CERCLA section 122(g)(7), the United States may reduce a settlement amount based on a PRP's limited ability to pay, taking into consideration "the ability of the person to pay response costs and still maintain its basic business operations, including consideration of the overall financial condition of the person and demonstrable constraints on the ability of the person to raise revenues." 42 U.S.C. § 9622(g)(7)(A)-(B). Notably absent from the statute is any mention of comparative fault or liability attributable to the PRP.

Given that authority and policy, the fact that the fault attributed to a PRP is not a factor in an ability to pay analysis should be obvious. As explained in *Bay Area Battery*,

> The Government … must be afforded leeway to depart from an apportionment formula to account for factors not amenable to regimented treatment. One such factor is a PRP's financial health. While certain PRPs have deep pockets and can afford to shoulder their full share of liability for a site's cleanup, other PRPs simply do not have the resources to pay their share.

895 F. Supp. at 1529 (citation omitted). This Court has also acknowledged that "this concept of an 'ability to pay' settlement is unusual in that a party is not being asked to pay the total cost of [its] share of the harm." *United States v. Hecla Ltd.*, Nos. 96–0122, 91–0342, 94–0206, 2011 WL 3962227, at *3 (D. Idaho Sept. 8, 2011). The Court further explained that "CERCLA allows for settlements to be reached based on the ability of a party to pay instead of the full extent of the damages that may be determined or calculated by the Court had the matter gone to trial." *Id*. Contrary to FRC's argument, Coeur d'Alenes' comparative fault simply has no bearing in the United States' ability to pay determination and thus does not impair FRC's rights of contribution.

Furthermore, the United States is entitled to deference in those determinations. *See id*. at *5 ("The Court must give deference to the Plaintiffs' determination regarding Hecla's ability to pay."); *Bay Area Battery*, 895 F. Supp. at 1531 ("a court should not be inclined to second-guess the Government's calculations" of PRP's ability to pay, so long as figure is reasonable). That is not to suggest that the Court has no role in reviewing the Proposed Consent Decree. The reviewing court must satisfy itself that the proposed settlement is fair, reasonable, and consistent with the objectives of CERCLA. *Hecla*, 2011 WL 3962227, at *2. Among other things, the courts must determine whether the United States' covenants not to sue with respect to future

liability are in the public interest.[4]  42 U.S.C. § 9622(f) and (g)(3).  This Court also has authority to enforce the consent decree and the amount owed by the PRP.  *See* 42 U.S.C. § 9622(g)(4).

In sum, in light of the Court's limited role to approve the Proposed Consent Decree in this case, FRC has not raised any interest it may have in the Proposed Consent Decree.  FRC also has no interest that would be impaired or impeded without intervention or that the United States will not adequately represent.  FRC simply has no significant protectable interest in the Proposed Consent Decree entitling it to intervene in this litigation.

### 2. Because *Aerojet General* Did Not Concern A Settlement Based On A PRP's Limited Ability To Pay, FRC's Reliance On The Decision Is Misplaced.

For those reasons, FRC's reliance on *Aerojet General* to support its intervention is misplaced.  In *Aerojet General*, the Ninth Circuit Court of Appeals determined a group of non-settling PRPs had a right to intervene under Rule 24(a) and CERCLA section 113(i) to oppose a proposed consent decree incorporating a settlement that, if approved, would bar contribution from the settling PRP.  606 F.3d at 1150-53.  The Ninth Circuit reasoned that because CERCLA provides a contribution right to non-settling PRPs, they have a direct interest in the allocation of liability and ensuring that cleanup costs are borne by those responsible for the contamination.  *Id*. at 1150-51.  That interest would be impaired, according to the court, if the non-settling PRPs could not participate.  *Id*. at 1152.

*Aerojet General*, however, did not concern a cost recovery settlement based on a PRP's ability to pay, such as Coeur d'Alenes'.[5]  Rather *Aerojet General* involved settling PRPs whose

---

[4] Because the United States has already remediated the Conjecture Mining Site and only seeks past removal costs, it will likely not incur additional response costs.  Because there should be no concern regarding future liability, the covenant not to sue provisions in the Proposed Consent Decree are in the public interest.

[5] The Ninth Circuit specifically noted that the group of settling PRPs did not include two PRPs who "applied successfully for 'ability to pay' status."  *Aerojet General*, 606 F.3d at 1147.

**DEFENDANT COEUR D'ALENES COMPANY'S OPPOSITION TO FEDERAL RESOURCES CORPORATION'S MOTION TO INTERVENE (DKT. 3) - 8**

liability was (or should have been) apportioned based on some measure of comparative fault. *See id*. at 1149. That distinction between the settling PRPs in *Aerojet General* and Coeur d'Alenes renders the decision inapplicable here. As explained, comparative fault has no bearing on Coeur d'Alenes' ability to pay under CERCLA, and thus any challenge FRC seeks to make is legally futile. As such, FRC's motion to intervene to oppose the United States' ability to pay determination is not based on a legally sufficient claim.

## IV. CONCLUSION

For the reasons set forth above, FRC's motion to intervene should be denied.

Dated: April 27, 2012.   STOEL RIVES LLP


          s/ Kevin J. Beaton
Kevin J. Beaton
Attorneys for Defendant
The Coeur d'Alenes Company

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Syrena C. Hargrove**
Syrena.Hargrove@usdoj.gov

**Paul Gormley**
gormley@usdoj.gov

**Stanley J. Tharp**
stharp@eberle.com

**James P. Murphy**
**Katherine L. Felton**
jpm@lybeckmurphy.com
klf@lybeckmurphy.com

                                           s/ Kevin J. Beaton
                                           Kevin J. Beaton
                                           Attorneys for Defendant